# EXHIBIT A

**STATE OF SOUTH CAROLINA**

**COUNTY OF ___ YORK**

RICHARD FEKETE,

**Plaintiff(s)**

vs.

ENCOMPASS INSURANCE COMPANY and IRONSHORE INDEMNITY, INC.

**Defendant(s)**

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

**IN THE COURT OF COMMON PLEAS**

**CIVIL ACTION COVERSHEET**

2016 _____ -CP - __46__ - 2529

| | |
|---|---|
| Submitted By: DANIEL L. DRAISEN, ESQ. | SC Bar #: 13536 |
| Address: 207 E. CALHOUN ST. | Telephone #: 864/225-4000 |
| ANDERSON, SC 29621 | Fax #: 864/964-0788 |
| | Other: |
| | E-mail: ddraisen@kmdlawyers.com |

NOTE: The coversheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this coversheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION  (Check all that apply)

***If Action is Judgment/Settlement do not complete***

☒ JURY TRIAL demanded in complaint.　☐ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION (*Check One Box Below*)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Conversion (310) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Motor Vehicle Accident (320) | ☐ Condemnation (410) |
| ☐ General (130) | ☐ Medical Malpractice (220) | ☐ Premises Liability (330) | ☐ Foreclosure (420) |
| ☒ Breach of Contract (140) | Previous Notice of Intent Case # | ☐ Products Liability (340) | ☐ Mechanic's Lien (430) |
| ☒ Fraud/Bad Faith (150) | 20___ -NI-___ -___ | ☐ Personal Injury (350) | ☐ Partition (440) |
| ☐ Failure to Deliver/ Warranty (160) | ☐ Notice/ File Med Mal (230) | ☐ Wrongful Death (360) | ☐ Possession (450) |
| | ☐ Other (299) _____ | ☐ Assault/Battery (370) | ☐ Building Code Violation (460) |
| ☐ Employment Discrim (170) | | ☐ Slander/Libel (380) | |
| ☐ Employment (180) | | ☐ Other (399) _____ | ☐ Other (499) _____ |
| ☐ Other (199) _____ | | | |

| Inmate Petitions | Administrative Law/Relief | Judgments/Settlements | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Reinstate Drv. License (800) | ☐ Death Settlement (700) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Judicial Review (810) | ☐ Foreign Judgment (710) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Relief (820) | ☐ Magistrate's Judgment (720) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) _____ | ☐ Permanent Injunction (830) | ☐ Minor Settlement (730) | ☐ Municipal (930) |
| | ☐ Forfeiture-Petition (840) | ☐ Transcript Judgment (740) | ☐ Probate Court (940) |
| | ☐ Forfeiture—Consent Order (850) | ☐ Lis Pendens (750) | ☐ SCDOT (950) |
| | ☐ Other (899) _____ | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | | | ☐ Public Service Comm. (990) |
| | | ☐ Confession of Judgment (770) | ☐ Employment Security Comm (991) |
| Special/Complex/Other | | ☐ Petition for Workers Compensation Settlement Approval (780) | |
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Other (799) _____ | ☐ Other (999) _____ |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | | |
| ☐ Other (699) _____ | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | | |
| ☐ Sexual Predator (510) | ☐ Pre-Suit Discovery (670) | | |
| ☐ Permanent Restraining Order (680) | | | |

**Submitting Party Signature:**　　　　　　　　　　　Date: __AUGUST 19, 2016__

SCCA / 234 (03/2016)　　　　　　　　　　　　　　　　Page 1 of 2

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

**Effective January 1, 2016,** Alternative Dispute Resolution (ADR) is mandatory in all counties, pursuant to Supreme Court Order dated November 12, 2015.

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**Pursuant to the ADR Rules, you are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs.

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR.**
                    **Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA

COUNTY OF YORK

IN THE COURT OF COMMON PLEAS

RICHARD FEKETE,

Plaintiff(s),

-vs-

ENCOMPASS INSURANCE COMPANY
and IRONSHORE INDEMNITY, INC.,

Defendant(s).

C/A No. 2016-CP-46- 2529

**SUMMONS**

**(JURY TRIAL DEMANDED)**



**TO THE DEFENDANT(S) ABOVE NAMED:**

**YOU ARE HEREBY SUMMONED** and required to answer the Complaint in this action, of which a copy is herewith served upon you, and to serve a copy of your answer to the said Complaint on the subscriber at his office at 207 East Calhoun Street, Anderson, South Carolina 29621, within thirty (30) days after the service hereof, exclusive of the day of such service; and if you fail to answer the Complaint within the time aforesaid, the Plaintiff in this action will apply to the Court for the said relief demanded in the Complaint.

**TO INFANT(S) OVER FOURTEEN YEARS OF AGE (AN IMPRISONED PERSON):**

You are further summoned and notified to apply for the appointment of a Guardian ad Litem to represent you in this action within 30 days after the service of this Summons and Notice upon you. If you fail to do so, application for such appointment will be made by the Plaintiff(s) herein.

**TO INFANT(S) UNDER FOURTEEN YEARS OF AGE (INCOMPETENT OR INSANE) AND TO, (GENERAL OR TESTAMENTARY GUARDIAN) (COMMITTEE) WITH WHOM (S)HE/(THEY) RESIDE(S):**

You are further summoned and notified to apply for the appointment of a Guardian ad Litem to represent said infant(s) under 14 years of age (said incompetent or insane person) within 30 days after the service of this Summons and Notice upon you. If you fail to do so, application for such appointment will be made by the Plaintiff(s) herein.

KRAUSE, MOORHEAD AND DRAISEN, P.A.

August 19, 2016

STATE OF SOUTH CAROLINA

COUNTY OF YORK

IN THE COURT OF COMMON PLEAS

**RICHARD FEKETE,**

            Plaintiff(s),

            -vs-

**ENCOMPASS INSURANCE COMPANY
and IRONSHORE INDEMNITY, INC.,**

            Defendant(s).

C/A No. 2016-CP-46- 2529

**COMPLAINT**

**(JURY TRIAL DEMANDED)**

FILED-RECEIVED
2016 AUG 25  AM II: 34

---

The Plaintiff, complaining of the Defendants herein, would respectfully show unto the Court and allege as follows:

**1.**

The Plaintiff, Richard Fekete, is a citizen and resident of the County of York, State of South Carolina.

**2.**

The Plaintiff is informed and believes that Defendant Encompass Insurance Company [hereinafter **ENCOMPASS**], is an insurance company organized and existing under and by virtue of the laws of one of the States of the United States of America, is licensed by the SC Department of Insurance, and as such it is authorized to conduct and is conducting business within the County of York, State of South Carolina.

1

**3.**

The Plaintiff is informed and believes that Defendant Ironshore Indemnity, Inc. [hereinafter **IRONSHORE**], is an insurance company organized and existing under and by virtue of the laws of one of the States of the United States of America, is licensed by the SC Department of Insurance, and as such it is authorized to conduct and is conducting business within the County of York, State of South Carolina.

**4.**

The fire loss at issue in this lawsuit occurred at 2040 Gold Hill Road, Fort Mill, South Carolina on October 22, 2013.

**5.**

All parties, matters and things herein are within the jurisdiction of this Court.

## FOR A FIRST CAUSE OF ACTION AS TO DEFENDANT ENCOMPASS

**6.**

The Plaintiff incorporates, by reference thereto, all of the prior allegations of his Complaint above as if fully restated herein.

**7.**

On or before October 22, 2013, Defendant **ENCOMPASS** issued its USP Deluxe Insurance policy of insurance, Policy Number 281237408, to the Plaintiff.

**8.**

At the times and dates hereinafter mentioned, the above policy of insurance was in full force and effect with all premiums then due paid in full.

9.

On or about October 22, 2013, the Plaintiff sustained a loss, as defined by the policy of insurance issued by Defendant **ENCOMPASS**, due to fire. The Plaintiff promptly notified the Defendant of the loss, submitted a Sworn Statement in Proof of Loss, and on August 31, 2015 the Plaintiff participated in an Examination Under Oath. The Plaintiff has fully cooperated with the Defendant and has done all that is required in order to make a claim under the policy.

10.

The Plaintiff duly performed all required conditions of the policy, including the making of the requisite filing of a Sworn Statement in Proof of Loss and by participating in an Examination Under Oath, as is required under the terms of the policy, and further, demanded that Defendant **ENCOMPASS** provide all coverages and pay unto the Plaintiff all sums due under the terms of the policy.

11.

During the course of the investigation into the fire loss, the Plaintiff was accused of intentionally setting the fire that burned his home at 2040 Gold Hill Road, Fort Mill, South Carolina (which is denied by the Plaintiff), was charged criminally with 3rd degree arson, 2 counts of making false claims in order to obtain insurance benefits, 1 count of burning personal property to defraud an insurer, and was arrested and taken to jail.

12.

Ultimately, as a result of insufficient evidence to prove that the Plaintiff intentionally set fire to his home, the 3rd degree arson charge, 1 of the making false claims in order to obtain insurance benefits and the charge of burning personal property to defraud an insurer were dismissed.

3

**13.**

After the 3rd degree arson charge and other charges were dismissed, Plaintiff again demanded that Defendant **ENCOMPASS** pay all sums due to him under the aforementioned insurance policy.

**14.**

Defendant **ENCOMPASS** has failed and refused, and continues to fail and refuse, to provide coverage and to pay to the Plaintiff the sums due under the aforementioned insurance policy and, therefore, has breached its contract of insurance with the Plaintiff.

**15.**

As a direct and proximate result of the aforementioned breach by Defendant **ENCOMPASS**, the Plaintiff has been damaged in that he has lost the value of the premium dollars that he paid to the Defendant, has lost the value of the real and personal property covered under the within referenced policy of insurance, has lost the value of all additional coverages provided under the within referenced policy, has had to pay additional rent and living expenses, and has been forced to seek legal counsel in order to secure his rights under the terms of the insurance contract with the Defendant, all to the Plaintiff's damage in an amount to be determined by a jury at the trial of this case.

## FOR A SECOND CAUSE OF ACTION AS TO DEFENDANT ENCOMPASS

**16.**

The Plaintiff reiterates and incorporates each and every allegation contained in his First Cause of Action above as fully as if repeated herein.

**17.**

The Plaintiff has fully and faithfully performed all of the required terms and conditions of said contract of insurance as previously set forth herein.

**18.**

Defendant **ENCOMPASS** has willfully, wantonly, recklessly, deliberately, maliciously and intentionally acted in bad faith in reference to this claim and has used grossly unfair business and claim practices in its dealing with the Plaintiff herein in each of the following particulars:

a)    By failing to treat the Plaintiff in good faith and with honesty;

b)    By failing to use fair business practices in dealing with the Plaintiff;

c)    By failing to refrain from any action which has and will injure the rights of the Plaintiff to receive the benefits due him under the contract of insurance with the Defendant;

d)    By failing to state to the Plaintiff clearly and distinctly and within a reasonable time, any policy defenses or reasons and/or grounds for refusing to pay to the Plaintiff the sums due him under its policy of insurance;

e)    By deliberately withholding payments of the Plaintiff's claim without any reasonable cause to do so; and by deliberately ignoring the actual facts and displaying a willful, wanton and reckless disregard to the truth in reference to the Plaintiff's claim for benefits;

f)    By knowingly misrepresenting to the Plaintiff pertinent facts or policy provisions relating to coverages at issue or providing deceptive or misleading information with respect to coverages;

g)    By failing to acknowledge with reasonable promptness pertinent communications with respect to the Plaintiff's claim;

h)    By failing to adopt and implement reasonable standards for the prompt investigation and settlement of the Plaintiff's claim;

i)    By not attempting in good faith to effect a prompt, fair, and equitable

5

settlement of the Plaintiff's claim; and

j) By invoking or threatening to invoke policy defenses or to rescind the policy as of its inception, not in good faith and with a reasonable expectation of prevailing with respect to the policy defense or attempted rescission, but for the primary purpose of discouraging or reducing the Plaintiff's claim.

### 19.

As a direct and proximate result of Defendant **ENCOMPASS'** improper claim practices and its bad faith, the Plaintiff has been damaged inasmuch as he has lost the value of the premium dollars that he paid to the Defendant, has lost the value of the real and personal property covered under the within referenced policy of insurance, has lost the value of all additional coverages provided under the within referenced policy, has had to pay additional rent and living expenses, and has been forced to seek legal counsel in order to secure his rights under the terms of the insurance contract with the Defendant, all to the Plaintiff's damage, both actual and punitive, in a sum to be determined by a jury at the trial of this case.

### 20.

The actions of Defendant **ENCOMPASS** were so grossly negligent, reckless, willful, wanton and outrageous so as to shock the conscience of the ordinary person under the same or similar circumstances so as to justify the imposition of punitive damages.

## FOR A THIRD CAUSE OF ACTION AS TO DEFENDANT ENCOMPASS

### 21.

The Plaintiff reiterates and incorporates each and every allegation contained in his First and Second Causes of Action above as fully as if repeated herein.

6

**22.**

The Plaintiff has paid premiums as is required by the Defendant as consideration for its policy of insurance. Defendant **ENCOMPASS** has failed, despite the repeated demands of the Plaintiff, to pay sums due under the terms of the policy of insurance to the Plaintiff. Accordingly, the Defendant has been unjustly enriched in the amount of the total premium dollars it has received from the Plaintiff in that it has received premium dollars and has failed to provide coverage and to pay as agreed under its policy of insurance.

**23.**

As a direct and proximate result of Defendant **ENCOMPASS'** failure to provide coverage and to pay as agreed under its policy of insurance, the Defendant has been unjustly enriched and the Plaintiff has been damaged in an amount equal to the total of all premiums paid to the Defendant.

## FOR A FOURTH CAUSE OF ACTION AS TO DEFENDANT ENCOMPASS

**24.**

The Plaintiff reiterates and incorporates each and every allegation contained in his previous Causes of Action above as fully as if repeated herein.

**25.**

Defendant **ENCOMPASS** has uttered false and slanderous statements about the Plaintiff to other people outside of these pleadings and said allegations are untrue and have been injurious to the Plaintiff's reputation and have caused the Plaintiff to suffer damages.

**26.**

These defamatory actions of Defendant **ENCOMPASS** were so outrageous as to shock the conscience of the ordinary person under the same or similar circumstances and to justify the

imposition of punitive damages.

## FOR A FIFTH CAUSE OF ACTION AS TO DEFENDANT IRONSHORE

### 27.

The Plaintiff reiterates and incorporates each and every allegation set forth hereinabove as fully as if repeated herein.

### 28.

On or before October 22, 2013, Defendant **IRONSHORE** issued its Automobile Policy of insurance, policy number CSA05687202, to the Plaintiff.

### 29.

At the times and dates hereinafter mentioned, the above policy of insurance was in full force and effect with all premiums then due paid in full.

### 30.

On or about October 22, 2013, the Plaintiff sustained a loss, as defined by the policy of insurance issued by Defendant **IRONSHORE**, due to fire. The Plaintiff promptly notified the Defendant of the loss. The Plaintiff has fully cooperated with the Defendant and has done all that is required in order to make a claim under the policy.

### 31.

The Plaintiff duly performed all required conditions of the policy as is required under the terms of the policy, and further, demanded that Defendant **IRONSHORE** pay unto the Plaintiff all sums due under the terms of the policy.

### 32.

Defendant **IRONSHORE** thereafter insisted that the vehicle destroyed in the fire was not

the same vehicle insured by **IRONSHORE**, asserted that the Plaintiff committed insurance fraud, and assisted the State in criminally prosecuting the Plaintiff for making a false claim in order to obtain insurance benefits. That is, **IRONSHORE** has asserted that the vehicle destroyed in the fire was not a Shelby Mustang as was reported by the Plaintiff (which is denied by the Plaintiff).

## 33.

In order to obtain his release from jail and to give Plaintiff an opportunity to defend his insurance claims (without the constraints of incarceration), the Plaintiff felt compelled to enter an Alford plea with regard to the one charge of making a false claim (with regard to the Shelby Mustang) in accordance with North Carolina vs. Alford wherein the Plaintiff (the defendant in the criminal case) does not admit to the criminal act and asserts his innocence, but acknowledges that the evidence would be likely to persuade a judge or jury of guilt.

## 34.

While it has not, to date, issued a formal denial letter, Defendant **IRONSHORE** has failed and refused, and continues to fail and refuse, to pay to the Plaintiff the sums due under the aforementioned insurance policy and, therefore, has breached its contract of insurance with the Plaintiff.

## 35.

As a direct and proximate result of the aforementioned breach by Defendant **IRONSHORE**, the Plaintiff has been damaged in that he has lost the value of the premium dollars that he paid to the Defendant, has lost the value of vehicle covered under the within referenced policy of insurance, and has been forced to seek legal counsel in order to secure his rights under the terms of the insurance contract with the Defendant, all to the Plaintiff's damage in an amount to be

determined by a jury at the trial of this case.

## FOR A SIXTH CAUSE OF ACTION AS TO DEFENDANT IRONSHORE

### 36.

The Plaintiff reiterates and incorporates each and every allegation contained in his prior Causes of Action above as fully as if repeated herein.

### 37.

The Plaintiff has fully and faithfully performed all of the required terms and conditions of said contract of insurance as previously set forth herein.

### 38.

Defendant **IRONSHORE** has willfully, wantonly, recklessly, deliberately, maliciously and intentionally acted in bad faith in reference to this claim and has used grossly unfair business and claim practices in its dealing with the Plaintiff herein in each of the following particulars:

a)    By failing to treat the Plaintiff in good faith and with honesty;

b)    By failing to use fair business practices in dealing with the Plaintiff;

c)    By failing to refrain from any action which has and will injure the rights of the Plaintiff to receive the benefits due him under the contract of insurance with the Defendant;

d)    By failing to state to the Plaintiff clearly and distinctly and within a reasonable time, any policy defenses or reasons and/or grounds for refusing to pay to the Plaintiff the sums due him under its policy of insurance;

e)    By deliberately withholding payments of the Plaintiff's claim without any reasonable cause to do so; and by deliberately ignoring the actual facts and displaying a willful, wanton and reckless disregard to the truth in reference to the Plaintiff's claim for benefits;

f)  By knowingly misrepresenting to the Plaintiff pertinent facts or policy provisions relating to coverages at issue or providing deceptive or misleading information with respect to coverages;

g)  By failing to acknowledge with reasonable promptness pertinent communications with respect to the Plaintiff's claim;

h)  By failing to adopt and implement reasonable standards for the prompt investigation and settlement of the Plaintiff's claim;

i)  By not attempting in good faith to effect a prompt, fair, and equitable settlement of the Plaintiff's claim; and

j)  By invoking or threatening to invoke policy defenses or to rescind the policy as of its inception, not in good faith and with a reasonable expectation of prevailing with respect to the policy defense or attempted rescission, but for the primary purpose of discouraging or reducing the Plaintiff's claim.

**39.**

As a direct and proximate result of Defendant **IRONSHORE'S** improper claim practices and its bad faith, the Plaintiff has been damaged inasmuch as he has lost the value of the premium dollars that he paid to the Defendant, has lost the value of the vehicle covered under the within referenced policy of insurance, and has been forced to seek legal counsel in order to secure his rights under the terms of the insurance contract with the Defendant, all to the Plaintiff's damage, both actual and punitive, in a sum to be determined by a jury at the trial of this case.

**40.**

The actions of Defendant **IRONSHORE** were so grossly negligent, reckless, willful, wanton and outrageous so as to shock the conscience of the ordinary person under the same or similar circumstances so as to justify the imposition of punitive damages.

## FOR A SEVENTH CAUSE OF ACTION AS TO DEFENDANT IRONSHORE

### 41.

The Plaintiff reiterates and incorporates each and every allegation contained in his prior Causes of Action above as fully as if repeated herein.

### 42.

The Plaintiff has paid premiums as is required by the Defendant as consideration for its policy of insurance. Defendant **IRONSHORE** has failed, despite the repeated demands of the Plaintiff, to pay sums due under the terms of the policy of insurance to the Plaintiff. Accordingly, the Defendant has been unjustly enriched in the amount of the total premium dollars it has received from the Plaintiff in that it has received premium dollars and has failed to provide coverage and to pay as agreed under its policy of insurance.

### 43.

As a direct and proximate result of Defendant **IRONSHORE'S** failure to provide coverage and to pay as agreed under its policy of insurance, the Defendant has been unjustly enriched and the Plaintiff has been damaged in an amount equal to the total of all premiums paid to the Defendant.

## FOR AN EIGHTH CAUSE OF ACTION AS TO DEFENDANT IRONSHORE

### 44.

The Plaintiff reiterates and incorporates each and every allegation contained in his previous Causes of Action above as fully as if repeated herein.

### 45.

Defendant **IRONSHORE**, by and through its agents or employees, has uttered false and slanderous statements about the Plaintiff to other people outside of these pleadings and said

12

allegations are untrue and have been injurious to the Plaintiff's reputation and have caused the Plaintiff to suffer damages.

### 46.

These defamatory actions of Defendant **IRONSHORE** were so outrageous as to shock the conscience of the ordinary person under the same or similar circumstances and to justify the imposition of punitive damages.

**WHEREFORE**, the Plaintiff prays that he have judgment against the Defendants, and each of them, in a sum to be determined by a jury at the trial of this case, to include actual, consequential and punitive damages, and for such other and further relief as this Court deems just and proper.

### THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

Respectfully submitted,

KRAUSE, MOORHEAD AND DRAISEN, P.A.

DANIEL L. DRAISEN (#13536)
207 East Calhoun Street
Anderson, South Carolina 29621
(864) 225-4000
(864) 964-0788 facsimile
ddraisen@kmdlawyers.com
ATTORNEYS FOR THE PLAINTIFF

August 18, 2016
Anderson, South Carolina

13

STATE OF SOUTH CAROLINA

COUNTY OF YORK

IN THE COURT OF COMMON PLEAS

RICHARD FEKETE,

        Plaintiff(s),

        -vs-

ENCOMPASS INSURANCE COMPANY
and IRONSHORE INDEMNITY, INC.,

        Defendant(s).

C/A No. 2016-CP-46-_____

## VERIFICATION

I, Richard Fekete, being duly sworn upon my oath, depose and say that I am the Plaintiff in the foregoing Complaint; that I have read the Complaint and know the contents thereof; and that the matters and allegations therein set forth are true and accurate to the best of my knowledge.

                                           _Richard Fekete_
                                           Richard Fekete

SUBSCRIBED to and SWORN before me
this 19th day of August, 2016.

_Kimberly Marie Treichler_
NOTARY PUBLIC FOR SOUTH CAROLINA
My Commission Expires: _June 9, 2026_

KIMBERLY MARIE TREICHLER
Notary Public, State of South Carolina
My Commission Expires June 9, 2026

STATE OF SOUTH CAROLINA

COUNTY OF YORK

IN THE COURT OF COMMON PLEAS

RICHARD FEKETE,

Plaintiff(s),

-vs-

ENCOMPASS INSURANCE COMPANY
and IRONSHORE INDEMNITY, INC.,

Defendant(s).

C/A No. 2016-CP-46-2529

**AMENDED COMPLAINT**

**(JURY TRIAL DEMANDED)**

The Plaintiff, complaining of the Defendants herein, would respectfully show unto the Court and allege as follows:

**1.**

The Plaintiff, Richard Fekete, is a citizen and resident of the County of York, State of South Carolina.

**2.**

The Plaintiff is informed and believes that Defendant Encompass Insurance Company [hereinafter **ENCOMPASS**], is an insurance company organized and existing under and by virtue of the laws of one of the States of the United States of America, is licensed by the SC Department of Insurance, and as such it is authorized to conduct and is conducting business within the County of York, State of South Carolina.

1

**3.**

The Plaintiff is informed and believes that Defendant Ironshore Indemnity, Inc. [hereinafter **IRONSHORE**], is an insurance company organized and existing under and by virtue of the laws of one of the States of the United States of America, is licensed by the SC Department of Insurance, and as such it is authorized to conduct and is conducting business within the County of York, State of South Carolina.

**4.**

The fire loss at issue in this lawsuit occurred at 1920 Gold Hill Road, Fort Mill, South Carolina on October 22, 2013.

**5.**

All parties, matters and things herein are within the jurisdiction of this Court.

## FOR A FIRST CAUSE OF ACTION AS TO DEFENDANT ENCOMPASS

**6.**

The Plaintiff incorporates, by reference thereto, all of the prior allegations of his Complaint above as if fully restated herein.

**7.**

On or before October 22, 2013, Defendant **ENCOMPASS** issued its USP Deluxe Insurance policy of insurance, Policy Number 281237408, to the Plaintiff.

**8.**

At the times and dates hereinafter mentioned, the above policy of insurance was in full force and effect with all premiums then due paid in full.

2

9.

On or about October 22, 2013, the Plaintiff sustained a loss, as defined by the policy of insurance issued by Defendant **ENCOMPASS**, due to fire. The Plaintiff promptly notified the Defendant of the loss, submitted a Sworn Statement in Proof of Loss, and on August 31, 2015 the Plaintiff participated in an Examination Under Oath. The Plaintiff has fully cooperated with the Defendant and has done all that is required in order to make a claim under the policy.

10.

The Plaintiff duly performed all required conditions of the policy, including the making of the requisite filing of a Sworn Statement in Proof of Loss and by participating in an Examination Under Oath, as is required under the terms of the policy, and further, demanded that Defendant **ENCOMPASS** provide all coverages and pay unto the Plaintiff all sums due under the terms of the policy.

11.

During the course of the investigation into the fire loss, the Plaintiff was accused of intentionally setting the fire that burned his home at 1920 Gold Hill Road, Fort Mill, South Carolina (which is denied by the Plaintiff), was charged criminally with 3rd degree arson, 2 counts of making false claims in order to obtain insurance benefits, 1 count of burning personal property to defraud an insurer, and was arrested and taken to jail.

12.

Ultimately, as a result of insufficient evidence to prove that the Plaintiff intentionally set fire to his home, the 3rd degree arson charge, 1 of the making false claims in order to obtain insurance benefits and the charge of burning personal property to defraud an insurer were dismissed.

3

**13.**

After the 3rd degree arson charge and other charges were dismissed, Plaintiff again demanded that Defendant **ENCOMPASS** pay all sums due to him under the aforementioned insurance policy.

**14.**

Defendant **ENCOMPASS** has failed and refused, and continues to fail and refuse, to provide coverage and to pay to the Plaintiff the sums due under the aforementioned insurance policy and, therefore, has breached its contract of insurance with the Plaintiff.

**15.**

As a direct and proximate result of the aforementioned breach by Defendant **ENCOMPASS**, the Plaintiff has been damaged in that he has lost the value of the premium dollars that he paid to the Defendant, has lost the value of the real and personal property covered under the within referenced policy of insurance, has lost the value of all additional coverages provided under the within referenced policy, has had to pay additional rent and living expenses, and has been forced to seek legal counsel in order to secure his rights under the terms of the insurance contract with the Defendant, all to the Plaintiff's damage in an amount to be determined by a jury at the trial of this case.

## FOR A SECOND CAUSE OF ACTION AS TO DEFENDANT ENCOMPASS

**16.**

The Plaintiff reiterates and incorporates each and every allegation contained in his First Cause of Action above as fully as if repeated herein.

4

**17.**

The Plaintiff has fully and faithfully performed all of the required terms and conditions of said contract of insurance as previously set forth herein.

**18.**

Defendant **ENCOMPASS** has willfully, wantonly, recklessly, deliberately, maliciously and intentionally acted in bad faith in reference to this claim and has used grossly unfair business and claim practices in its dealing with the Plaintiff herein in each of the following particulars:

a)   By failing to treat the Plaintiff in good faith and with honesty;

b)   By failing to use fair business practices in dealing with the Plaintiff;

c)   By failing to refrain from any action which has and will injure the rights of the Plaintiff to receive the benefits due him under the contract of insurance with the Defendant;

d)   By failing to state to the Plaintiff clearly and distinctly and within a reasonable time, any policy defenses or reasons and/or grounds for refusing to pay to the Plaintiff the sums due him under its policy of insurance;

e)   By deliberately withholding payments of the Plaintiff's claim without any reasonable cause to do so; and by deliberately ignoring the actual facts and displaying a willful, wanton and reckless disregard to the truth in reference to the Plaintiff's claim for benefits;

f)   By knowingly misrepresenting to the Plaintiff pertinent facts or policy provisions relating to coverages at issue or providing deceptive or misleading information with respect to coverages;

g)   By failing to acknowledge with reasonable promptness pertinent communications with respect to the Plaintiff's claim;

h)   By failing to adopt and implement reasonable standards for the prompt investigation and settlement of the Plaintiff's claim;

i)   By not attempting in good faith to effect a prompt, fair, and equitable

5

settlement of the Plaintiff's claim; and

j)    By invoking or threatening to invoke policy defenses or to rescind the policy as of its inception, not in good faith and with a reasonable expectation of prevailing with respect to the policy defense or attempted rescission, but for the primary purpose of discouraging or reducing the Plaintiff's claim.

### 19.

As a direct and proximate result of Defendant **ENCOMPASS'** improper claim practices and its bad faith, the Plaintiff has been damaged inasmuch as he has lost the value of the premium dollars that he paid to the Defendant, has lost the value of the real and personal property covered under the within referenced policy of insurance, has lost the value of all additional coverages provided under the within referenced policy, has had to pay additional rent and living expenses, and has been forced to seek legal counsel in order to secure his rights under the terms of the insurance contract with the Defendant, all to the Plaintiff's damage, both actual and punitive, in a sum to be determined by a jury at the trial of this case.

### 20.

The actions of Defendant **ENCOMPASS** were so grossly negligent, reckless, willful, wanton and outrageous so as to shock the conscience of the ordinary person under the same or similar circumstances so as to justify the imposition of punitive damages.

### FOR A THIRD CAUSE OF ACTION AS TO DEFENDANT ENCOMPASS

### 21.

The Plaintiff reiterates and incorporates each and every allegation contained in his First and Second Causes of Action above as fully as if repeated herein.

6

### 22.

The Plaintiff has paid premiums as is required by the Defendant as consideration for its policy of insurance. Defendant **ENCOMPASS** has failed, despite the repeated demands of the Plaintiff, to pay sums due under the terms of the policy of insurance to the Plaintiff. Accordingly, the Defendant has been unjustly enriched in the amount of the total premium dollars it has received from the Plaintiff in that it has received premium dollars and has failed to provide coverage and to pay as agreed under its policy of insurance.

### 23.

As a direct and proximate result of Defendant **ENCOMPASS'** failure to provide coverage and to pay as agreed under its policy of insurance, the Defendant has been unjustly enriched and the Plaintiff has been damaged in an amount equal to the total of all premiums paid to the Defendant.

### FOR A FOURTH CAUSE OF ACTION AS TO DEFENDANT ENCOMPASS

### 24.

The Plaintiff reiterates and incorporates each and every allegation contained in his previous Causes of Action above as fully as if repeated herein.

### 25.

Defendant **ENCOMPASS** has uttered false and slanderous statements about the Plaintiff to other people outside of these pleadings and said allegations are untrue and have been injurious to the Plaintiff's reputation and have caused the Plaintiff to suffer damages.

### 26.

These defamatory actions of Defendant **ENCOMPASS** were so outrageous as to shock the conscience of the ordinary person under the same or similar circumstances and to justify the

7

imposition of punitive damages.

## FOR A FIFTH CAUSE OF ACTION AS TO DEFENDANT IRONSHORE

### 27.

The Plaintiff reiterates and incorporates each and every allegation set forth hereinabove as fully as if repeated herein.

### 28.

On or before October 22, 2013, Defendant **IRONSHORE** issued its Automobile Policy of insurance, policy number CSA05687202, to the Plaintiff.

### 29.

At the times and dates hereinafter mentioned, the above policy of insurance was in full force and effect with all premiums then due paid in full.

### 30.

On or about October 22, 2013, the Plaintiff sustained a loss, as defined by the policy of insurance issued by Defendant **IRONSHORE**, due to fire. The Plaintiff promptly notified the Defendant of the loss. The Plaintiff has fully cooperated with the Defendant and has done all that is required in order to make a claim under the policy.

### 31.

The Plaintiff duly performed all required conditions of the policy as is required under the terms of the policy, and further, demanded that Defendant **IRONSHORE** pay unto the Plaintiff all sums due under the terms of the policy.

### 32.

Defendant **IRONSHORE** thereafter insisted that the vehicle destroyed in the fire was not

8

the same vehicle insured by **IRONSHORE**, asserted that the Plaintiff committed insurance fraud, and assisted the State in criminally prosecuting the Plaintiff for making a false claim in order to obtain insurance benefits. That is, **IRONSHORE** has asserted that the vehicle destroyed in the fire was not a Shelby Mustang as was reported by the Plaintiff (which is denied by the Plaintiff).

### 33.

In order to obtain his release from jail and to give Plaintiff an opportunity to defend his insurance claims (without the constraints of incarceration), the Plaintiff felt compelled to enter an Alford plea with regard to the one charge of making a false claim (with regard to the Shelby Mustang) in accordance with North Carolina vs. Alford wherein the Plaintiff (the defendant in the criminal case) does not admit to the criminal act and asserts his innocence, but acknowledges that the evidence would be likely to persuade a judge or jury of guilt.

### 34.

While it has not, to date, issued a formal denial letter, Defendant **IRONSHORE** has failed and refused, and continues to fail and refuse, to pay to the Plaintiff the sums due under the aforementioned insurance policy and, therefore, has breached its contract of insurance with the Plaintiff.

### 35.

As a direct and proximate result of the aforementioned breach by Defendant **IRONSHORE**, the Plaintiff has been damaged in that he has lost the value of the premium dollars that he paid to the Defendant, has lost the value of vehicle covered under the within referenced policy of insurance, and has been forced to seek legal counsel in order to secure his rights under the terms of the insurance contract with the Defendant, all to the Plaintiff's damage in an amount to be

determined by a jury at the trial of this case.

## FOR A SIXTH CAUSE OF ACTION AS TO DEFENDANT IRONSHORE

### 36.

The Plaintiff reiterates and incorporates each and every allegation contained in his prior Causes of Action above as fully as if repeated herein.

### 37.

The Plaintiff has fully and faithfully performed all of the required terms and conditions of said contract of insurance as previously set forth herein.

### 38.

Defendant **IRONSHORE** has willfully, wantonly, recklessly, deliberately, maliciously and intentionally acted in bad faith in reference to this claim and has used grossly unfair business and claim practices in its dealing with the Plaintiff herein in each of the following particulars:

a) By failing to treat the Plaintiff in good faith and with honesty;

b) By failing to use fair business practices in dealing with the Plaintiff;

c) By failing to refrain from any action which has and will injure the rights of the Plaintiff to receive the benefits due him under the contract of insurance with the Defendant;

d) By failing to state to the Plaintiff clearly and distinctly and within a reasonable time, any policy defenses or reasons and/or grounds for refusing to pay to the Plaintiff the sums due him under its policy of insurance;

e) By deliberately withholding payments of the Plaintiff's claim without any reasonable cause to do so; and by deliberately ignoring the actual facts and displaying a willful, wanton and reckless disregard to the truth in reference to the Plaintiff's claim for benefits;

f) By knowingly misrepresenting to the Plaintiff pertinent facts or policy provisions relating to coverages at issue or providing deceptive or misleading information with respect to coverages;

g) By failing to acknowledge with reasonable promptness pertinent communications with respect to the Plaintiff's claim;

h) By failing to adopt and implement reasonable standards for the prompt investigation and settlement of the Plaintiff's claim;

i) By not attempting in good faith to effect a prompt, fair, and equitable settlement of the Plaintiff's claim; and

j) By invoking or threatening to invoke policy defenses or to rescind the policy as of its inception, not in good faith and with a reasonable expectation of prevailing with respect to the policy defense or attempted rescission, but for the primary purpose of discouraging or reducing the Plaintiff's claim.

### 39.

As a direct and proximate result of Defendant **IRONSHORE'S** improper claim practices and its bad faith, the Plaintiff has been damaged inasmuch as he has lost the value of the premium dollars that he paid to the Defendant, has lost the value of the vehicle covered under the within referenced policy of insurance, and has been forced to seek legal counsel in order to secure his rights under the terms of the insurance contract with the Defendant, all to the Plaintiff's damage, both actual and punitive, in a sum to be determined by a jury at the trial of this case.

### 40.

The actions of Defendant **IRONSHORE** were so grossly negligent, reckless, willful, wanton and outrageous so as to shock the conscience of the ordinary person under the same or similar circumstances so as to justify the imposition of punitive damages.

11

## FOR A SEVENTH CAUSE OF ACTION AS TO DEFENDANT IRONSHORE

### 41.

The Plaintiff reiterates and incorporates each and every allegation contained in his prior Causes of Action above as fully as if repeated herein.

### 42.

The Plaintiff has paid premiums as is required by the Defendant as consideration for its policy of insurance. Defendant **IRONSHORE** has failed, despite the repeated demands of the Plaintiff, to pay sums due under the terms of the policy of insurance to the Plaintiff. Accordingly, the Defendant has been unjustly enriched in the amount of the total premium dollars it has received from the Plaintiff in that it has received premium dollars and has failed to provide coverage and to pay as agreed under its policy of insurance.

### 43.

As a direct and proximate result of Defendant **IRONSHORE'S** failure to provide coverage and to pay as agreed under its policy of insurance, the Defendant has been unjustly enriched and the Plaintiff has been damaged in an amount equal to the total of all premiums paid to the Defendant.

## FOR AN EIGHTH CAUSE OF ACTION AS TO DEFENDANT IRONSHORE

### 44.

The Plaintiff reiterates and incorporates each and every allegation contained in his previous Causes of Action above as fully as if repeated herein.

### 45.

Defendant **IRONSHORE**, by and through its agents or employees, has uttered false and slanderous statements about the Plaintiff to other people outside of these pleadings and said

allegations are untrue and have been injurious to the Plaintiff's reputation and have caused the Plaintiff to suffer damages.

46.

These defamatory actions of Defendant **IRONSHORE** were so outrageous as to shock the conscience of the ordinary person under the same or similar circumstances and to justify the imposition of punitive damages.

**WHEREFORE**, the Plaintiff prays that he have judgment against the Defendants, and each of them, in a sum to be determined by a jury at the trial of this case, to include actual, consequential and punitive damages, and for such other and further relief as this Court deems just and proper.

THE PLAINTIFF HEREBY DEMANDS A JURY TRIAL.

Respectfully submitted,

KRAUSE, MOORHEAD AND DRAISEN, P.A.

DANIEL L. DRAISEN (#13536)
207 East Calhoun Street
Anderson, South Carolina 29621
(864) 225-4000
(864) 964-0788 facsimile
ddraisen@kmdlawyers.com
**ATTORNEYS FOR THE PLAINTIFF**

August 29, 2016
Anderson, South Carolina

13

# South Carolina
# Department of Insurance

**NIKKI R. HALEY**
Governor

Capitol Center
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

Mailing Address:
P.O. Box 100105, Columbia, S.C. 29202-3105
Telephone: (803) 737-6160

**RAYMOND G. FARMER**
Director



September 19, 2016

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
IRONSHORE INDEMNITY INC.
Post Office Box 3407
New York, NY 10008

Dear Sir:

On September 19, 2016, I accepted service of the attached Summons and Amended Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov.** When replying, please refer to File Number 163569, Richard Fekete v. IRONSHORE INDEMNITY INC., et al., 2016-CP-46-2529.

By:

*David E. Belton*

David E. Belton
Senior Associate General Counsel
(803)737-6132

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:    Daniel L. Draisen
       207 East Calhoun Street
       Anderson, SC    29621



RECEIVED
OCT 0 4 2016

# South Carolina
# Department of Insurance

**Capitol Center**
1201 Main Street, Suite 1000
Columbia, South Carolina 29201

**NIKKI R. HALEY**
*Governor*

**RAYMOND G. FARMER**
*Director*

**Mailing Address:**
P.O. Box 100105, Columbia, S.C. 29202-3105
Telephone: (803) 737-6160

September 19, 2016



CERTIFIED MAIL
RETURN RECEIPT REQUESTED
ENCOMPASS INSURANCE COMPANY
c/o CT Corporation System
2 Office Park Court, Suite 103
Columbia, SC 29223-0000

Dear Sir:

On September 19, 2016, I accepted service of the attached Summons and Amended Complaint on your behalf. I am, hereby, forwarding that accepted process on to you pursuant to the provisions of S.C. Code Ann. § 38-5-70. By forwarding accepted process on to you, I am meeting a ministerial duty imposed upon me by S.C Code Ann. § 15-9-270. I am not a party to this case. The State of South Carolina Department of Insurance is not a party to this case. It is important for you to realize that service was effected upon your insurer on my date of acceptance for service.

**You must promptly acknowledge in writing your receipt of this accepted process to sdubois@doi.sc.gov.** When replying, please refer to File Number 163568, <u>Richard Fekete v. ENCOMPASS INSURANCE COMPANY, *et al*.</u>, 2016-CP-46-2529.

By:

*[signature]* David E. Belton

David E. Belton
Senior Associate General Counsel
(803)737-6132

Sincerely Yours,

Raymond G. Farmer
Director
State of South Carolina
Department of Insurance

Attachment

CC:    Daniel L. Draisen
       207 East Calhoun Street
       Anderson, SC    29621