IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Richard Fekete,<br><br>       Plaintiff,<br><br>v.<br><br>Encompass Insurance Co. and<br>Ironshore Indemnity, Inc.,<br><br>       Defendants. | C/A No. 0:16-cv-3419-JFA<br><br><br>**ORDER** |

This matter is currently before the Court on Defendant Encompass Insurance Company's ("Encompass") Motion for Partial Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. (ECF No. 24). Encompass moves for summary judgment on Plaintiff Richard Fekete's ("Fekete" or "Plaintiff") claims for bad faith and defamation on the grounds that it had a reasonable basis for denying Plaintiff's insurance claim and that there is no evidence that Defendant made false or unprivileged publications regarding Plaintiff. In its response in opposition to Encompass' Motion, Plaintiff stipulated to the dismissal of the defamation claim in this matter with prejudice. (ECF No. 29). Therefore, the only matter before this Court is Encompass' Motion for Summary Judgment regarding Plaintiff's claim for bad faith.

1

## I.     FACTUAL HISTORY

On October 22, 2013, Plaintiff's house, located at 2040 Gold Hill Road in Fort Mill, SC, caught on fire and was damaged along with some of Plaintiff's personal belongings. (ECF No. 1-1). The home and its contents were insured by Encompass under Policy Number 281237408. (ECF No. 24-1 p. 1). After the fire was extinguished, the York County Sheriff's Office, the York County Department of Fire Safety, and the South Carolina Law Enforcement Division ("SLED") investigated the matter. (ECF No. 24-1 p. 1).

Plaintiff reported the incident to his insurance agent, DiDi Deal. (ECF No. 1-1 p. 21). Thereafter, his claim was referred to Encompass' Special Investigations Unit ("SIU"). (ECF No. 24-1 p. 2). Michele Grossman was in charge of handling Plaintiff's claim at the SIU. (ECF No. 24-3 p. 1). Grossman retained Van Tuley, a certified origin and cause investigator, to help investigate the fire. *Id.* at 1–2. On October 28, 2013, Grossman and Tuley, along with others,[1] conducted an investigation. (ECF No. 24-1 p. 2).

G4S Compliance & Investigations also investigated the incident on behalf of Ironshore because Fekete filed a claim for a vehicle that Ironshore insured. (ECF No. 23-3). A Uniform Suspected Insurance Fraud Reporting Form ("Fraud Form") was issued thereafter detailing the findings of the investigation. (ECF No. 23-3).

---

[1] Among those involved with the investigation on October 28, 2013 were Michele Grossman, Van Tuley, Encompass' content specialist and building adjuster, Mr. Fekete's public adjusters, law enforcement personnel including Mr. Helms, a fire investigator for York County Department of Fire Safety, William Keller with SLED, and Detective Martin from York County. (ECF No. 24-3 p. 2).

The Fraud Form notes the following:

Burn patterns on the floor in the kitchen area indicated a combustible fluid was poured on the floor in a trail from the kitchen to the interior door leading to the garage. The natural gas line to the hot water heater was disconnected, apparently broken off, and caused the garage to fill with gas. This gas was then ignited by the flame from the trail of combustible fluid. This resulted in an explosion in the garage which blew the overhead garage door off its tracks and across the driveway and into a small tree. . . .

G4S Investigator Jones forwarded a copy of his file documents and reports to Detective John Martin, Arson Investigator for the York County Sheriff's Office. On October 24, 2013 G4S Compliance & Investigations was contracted by York Risk Services Group, Inc., to meet with the state and local fire investigators . . . and conduct a full fire investigation, with an emphasis on confirming that the vehicle damaged in the fire was one of the two 1965 Shelby Cobra GT 350s for which coverage [was] provided under the insurance policy. *A thorough investigation of the damaged vehicle determined that the vehicle damaged in the fire was not a 1965 Shelby Cobra GT 350* and as a result, a search warrant was issued for the Insured's business.

(ECF No 23-3 p. 1) (emphasis added).

Thereafter, on November 2, 2013, Plaintiff was arrested and subsequently charged with one count of third-degree arson and two counts of making a false claim or statement in support of a claim to obtain insurance benefits for a fire or explosion loss. (ECF No. 1-1 p. 21). On May 12, 2015, Plaintiff entered a guilty plea, pursuant to *Alford*, to "Arson / Making false insurance claim to obtain benefits for fire or explosion loss" in violation of S.C. Code Ann. § 16-11-125, bearing CDR Code 0508. (ECF No. 23-4 p. 1, 6). Plaintiff received a five (5) year prison sentence suspended on service of three (3) years of probation. (ECF No. 23-4 p. 1).

Thereafter, Fekete continued his claims against Encompass and Ironshore, and both denied his claims. As a result, Fekete filed this lawsuit against both Encompass and Ironshore (ECF No. 1), and Encompass now moves for summary judgment on Plaintiff's bad faith claims.

## II.    LEGAL STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that "might affect the outcome of the suit under the governing law." *Spriggs v. Diamond Auto Glass*, 242 F.3d 179, 183 (4th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A dispute of material fact is "genuine" if sufficient evidence favoring the non-moving party exists for the trier of fact to return a verdict for that party. *Anderson*, 477 U.S. at 248–49.

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. If the moving party meets that burden and a properly supported motion is before the court, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." *See* Fed. R. Civ. P. 56(e); *Celotex*, 477 U.S. at 323. All inferences must be viewed in a light most favorable to the non-moving party, but he "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." *Beale v. Hardy*, 769 F.2d 213, 214 (4th Cir. 1985).

## III.    ANALYSIS

Encompass moves for summary judgment as to Plaintiff's bad faith claim, asserting that it had a "reasonable basis to deny [Fekete's] claim." (ECF No. 24-1 p. 3).

Under South Carolina law, there exists a cause of action against an insurance company for bad faith refusal to pay first party benefits due under an insurance contract. *Tadlock Painting Co. v. Maryland Cas. Co.*, 322 S.C. 498, 500, 473 S.E.2d 52, 53 (1996). Furthermore, under South Carolina law, "[t]here is 'an implied covenant of good faith and fair dealing in every insurance contract that neither party will do anything to impair the other's rights to receive benefits under the contract.'" *Snyder v. State Farm Mut. Auto. Ins. Co.*, 586 F. Supp. 2d 453, 463 (D.S.C. 2008) (citing *Tadlock*, 322 S.C. at 500, 473 S.E.2d at 53)). In addition, under South Carolina law, an insured does not have to prove beach of an express contractual provision to bring a bad faith action, and the contract does not limit the benefits due to an insured. *See Tadlock*, 322 S.C. at 501, 473 S.E.2d at 54–55.

"[T]he elements of a bad faith refusal to pay insurance benefits cause of action are '(1) the existence of a contract of insurance between the parties; (2) refusal by the insurer to pay benefits due under the contract; (3) resulting from the insurer's bad faith or unreasonable action; and (4) causing damage to the insured.'" *Advanced Pain Therapies, LLC v. Hartford Fin. Servs. Group, Inc.*, No. 3:14-CV-00050-MGL, 2014 WL 4402800, at *2 (D.S.C. Sept. 3, 2014) (citing *Snyder v. State Farm Mut. Auto. Ins. Co.*, 586 F. Supp. 2d 453, 457 (D.S.C. 2008)). "An insurer acts in bad faith when there is no

reasonable basis to support the insurer's decision for contesting a claim." *BMW of North America, LLC v. Complete Auto Recon Services, Inc.*, 399 S.C. 444, 453, 731 S.E.2d 902, 907 (Ct. App. 2012) (citing *Helena Chem. Co. v. Allianz Underwriters Ins. Co.*, 357 S.C. 631, 645, 594 S.E.2d 455, 462 (2004)). Thus, if the insurer has "reasonable grounds to contest and refuse a claim," the insurer has not acted in bad faith. *Tapp v. Minnesota Life Ins. Co.*, No. 3:15-4799-MBS, 2017 WL 2839636, at *3 (D.S.C. Jun. 29, 2017) (citing *BMW*, 399 S.C. at 453, 731 S.E.2d at 907). The insurer's obligation of good faith includes the duty to "investigate a claim." *Id.*

An insurer cannot base its claim of arson on "mere suspicion." *Flynn v. Nationwide Mut. Ins. Co.*, 281 S.C. 391, 395–96, 315 S.E.2d 817, 820 (Ct. App. 1984). The South Carolina Supreme Court has held that, "[t]o prove arson, an insurer must demonstrate by the preponderance of the evidence the fire was of an incendiary origin, and the insured caused the fire." *Brown v. Allstate Ins. Co.*, 344 S.C. 21, 25, 542 S.E.2d 723, 725 (2001) (citing *Carter v. American Mut. Fire Ins. Co.*, 297 S.C. 218, 220, 375 S.E.2d 356, 358 (Ct. App. 1988)). Moreover, "[a]n insurer can prevail in an arson defense based solely on circumstantial evidence if it shows the fire was of an incendiary origin and the plaintiff had both the opportunity and the motive to set the fire." *Id.* (citing *Carter*, 297 S.C. at 220, 375 S.E.2d at 358).

Here, Encompass had a reasonable bases to refute Plaintiff's claim because Plaintiff pled guilty pursuant to *Alford* to third-degree arson and making a fraudulent insurance claim. (ECF No. 23-4). Moreover, based on the information obtained through the investigations conducted after the fire, there is ample evidence that the fire was of an

incendiary origin, Plaintiff had the opportunity to set the fire, and Plaintiff had the motive to set the fire.

First, the fire was clearly of an incendiary origin. The report states that the fire was started with an accelerant. (ECF No. 24-3 p. 3). Mr. Tuley investigated the source of the fire and determined that "an ignitable liquid had been poured across the hardwood floor from the entrance door to the garage to the back patio doors of the house." *Id.* Mr. Tuley tested samples of material from the house, and they tested positive for gasoline. *Id.* Not only did Mr. Tuley determine that the fire had been intentionally set, but SLED and the York County Department of Fire Safety made the same finding. *Id.*

Second, Plaintiff had the opportunity to set the fire because he left his house for work at 9:35 a.m., his work was about 1 minute away, and the fire was first reported at 9:57 a.m. (ECF No. 24-3 p. 2). Additionally, Plaintiff was the last person in the home before the fire, he had the only set of keys to the home, and there is no evidence of forced entry into the home. *Id.* at 4. Third, Plaintiff had the motive to set the fire because he had minimal business income. *Id.* Additionally, Plaintiff unsuccessfully tried to sell his house for four (4) years prior to the fire. *Id.* Prior his house burning down, Plaintiff engaged in discussions with a real estate developer about selling his property. *Id.* The developer was interested in developing an adjoining tract of land and was interested only in the Plaintiff's land, not the house. *Id.*

Encompass clearly should be permitted to assert the defense of arson, and thus it did not act in bad faith in denying Fekete's claim. Fekete pled guilty pursuant to *Alford* to the charge of third-degree arson, as well as making a fraudulent insurance claim on a

vehicle. Moreover, the fire was of an incendiary nature, and Fekete had the opportunity and motive to start the fire. Therefore, Encompass' denial of Plaintiff's claim was not based on mere suspicion. To the contrary, Encompass had a reasonable basis for denying the claim.

## IV.    CONCLUSION

For the reasons above, Encompass did not act in bad faith when it denied Plaintiff's insurance claim. Plaintiff pled guilty pursuant to *Alford* to third-degree arson and making a fraudulent insurance claim. (ECF No. 23-4). Moreover, there is ample evidence that the fire that engulfed the home was of an incendiary origin, Plaintiff had the opportunity to set the fire, and Plaintiff had the motive to set the fire. Therefore, Encompass' Motion for Partial Summary Judgment is granted because Encompass had a reasonable basis for denying Plaintiff's insurance claim. The breach of contract claim that remains in this case will be tried during the May/June 2018 term of court.


IT IS SO ORDERED.


Joseph F. Anderson Jr.

April 11, 2018                                    Joseph F. Anderson, Jr.
Columbia, South Carolina                         United States District Judge